**Exhibit A**

| | |
|---|---|
| DISTRICT COURT OF THE 18TH JUDICIAL DISTRICT, DOUGLAS COUNTY, STATE OF COLORADO<br><br>Court Address: 4000 Justice Way, Ste. 2009<br>Castle Rock, CO 80109<br><br>Phone Number: 720-437-6200 | DATE FILED<br>October 29, 2024 12:11 PM<br>FILING ID: 75A859BD35942<br>CASE NUMBER: 2024CV31035 |
| Plaintiff:<br><br>**JENNIFER ANSON**<br><br>v.<br><br>Defendant:<br><br>**COSTCO WHOLESALE CORPORATION** | ▲ Court Use Only ▲ |
| Plaintiff's Attorney:<br>Joseph Woelkers, #45559<br>ZANER HARDEN LAW, LLP<br>1610 Wynkoop Street, Suite 120<br>Denver, Colorado 80202<br>Telephone: (303) 563-5354<br>Facsimile: (303) 563-5351<br>E-mails: jw@zanerhardenlaw.com | Case No.:<br><br>Division: |
| **CIVIL COMPLAINT AND JURY DEMAND** | |

The Plaintiff, JENNIFER ANSON, by and through her undersigned attorneys, ZANER HARDEN LAW, LLP, hereby submits the following Civil Complaint and Jury Demand and asserts:

## JURISDICTION AND VENUE

1. At all times relevant to this action, the Plaintiff, JENNIFER ANSON (hereinafter referred to as "Plaintiff"), resided in the State of Colorado.

2. Upon information and belief, at all times relevant to this action, the Defendant, COSTCO WHOLESALE CORPORATION, has a headquarters at 999 Lake Drive, Issaquah, WA 98027.

3. Upon information and belief, this action arises out of a slip and fall incident that occurred on or about December 30, 2022, in Douglas County, Colorado at 8686 Park Meadows Center Dr., Lone Tree, Colorado ("the Premises").

4. Venue is proper in Douglas County District Court pursuant to C.R.C.P. 98(c).

## FACTUAL ALLEGATIONS

5. Upon information and belief, at all times relevant to this action, Defendant COSTCO WHOLESALE CORPORATION ("Defendant") was a statutory "landowner" under C.R.S. § 13-21-115, responsible for the condition of the Premises, as well as any activities conducted or circumstances existing on the Premises.

6. Upon information and belief, at all times relevant to this action, Defendant was responsible for maintaining the sidewalk area in front of the Costco store located at the Premises.

7. On or about December 30, 2022, Plaintiff exited the Costco store at the Premises and as she walked along the exterior sidewalk, she slipped on ice.

8. The ice had no application of ice melt or sand.

9. On or about December 30, 2022, Defendant owned the real property where the incident occurred.

10. The real property where the incident occurred is known as Parcel #2231-034-04-002.

11. No signage or warning was deployed to warn customers, such as Plaintiff, of the ice.

12. At all times relevant to this action, Plaintiff was a statutory "invitee" and was lawfully permitted to be on the Premises.

13. At all times relevant to this action, Defendant had a duty to exercise reasonable care in maintaining the sidewalk on the Premises.

14. At all times relevant to this action, Defendant was to use due care to ensure the safety of its customers and invitees traversing the Premises.

15. At all times relevant to this action, Defendant knew, or should have known, that invitees such as Plaintiff would be utilizing the parking lot of the Premises where the fall occurred.

16. At all times relevant to this action, Defendant knew, or should have known, that the Premises needed to be clear of dangerous conditions to ensure the safety of its customers and invitees, such as Plaintiff.

17. Plaintiff was not comparatively negligent at the time of the incident.

18. Plaintiff did not cause her incident-related injuries.

19. Defendant's failure to maintain the Premises in a reasonably safe condition was the direct and proximate cause of Plaintiff's incident-related injuries and damages.

20. As a direct and proximate result of the aforementioned incident, Plaintiff incurred past and future economic expenses, losses, and damages, including, but not limited to, medical expenses, rehabilitation expenses, wage loss, loss of earning capacity, and other economic losses.

21. As a direct and proximate result of the aforementioned incident, Plaintiff suffered in the past, and will continue to suffer in the future, non-economic damages, including, but not limited to, pain and suffering, loss of enjoyment of life, inconvenience, emotional stress, and impairment of quality of life.

22. As a direct and proximate result of the aforementioned incident, Plaintiff has suffered, and will continue to suffer in the future, physical impairment.

**FIRST CLAIM FOR RELIEF**
**Statutory Premises Liability pursuant to C.R.S. § 13-21-115 – COSTCO WHOLESALE CORPORATION**

23. Plaintiff incorporates herein by this reference the allegations set forth with specificity in the preceding paragraphs of this Civil Complaint and Jury Demand, as if set forth *verbatim*.

24. Defendant, as a "landowner" of the Premises, had a duty to use reasonable care to maintain the Premises in a reasonably safe manner on the date and place set forth above, pursuant to C.R.S. § 13-21-115.

25. At all times relevant to this action, Plaintiff was an "invitee" of the Premises.

26. At all times relevant to this action, Plaintiff walking on the sidewalk at the Premises was foreseeable, as were Plaintiff's resulting injuries.

27. At all times relevant to this action, Defendant knew, or should have known, that a dangerous condition existed at the place set forth above on the Premises.

28. At all times relevant to this action, Defendant had a duty to use reasonable care to protect its customers and invitees, such as Plaintiff, against dangerous conditions on the Premises.

29. Defendant failed to use reasonable care to protect Plaintiff against the Premise's dangerous condition discussed above in the following ways:

(a) Failure to provide warnings of the existence of the ice by employees, agents, or signage;

(b) Failing to remedy the ice with sand or ice melt;

(c) Failing to properly inspect the sidewalk for dangers such as the ice;

(d) Failing to have policies in place to ensure that ice is properly mitigated at the Premises; and

(e) Failing to train employees/agents properly to search for and remediate ice on the Premises.

30. Defendant's above-referenced failure to exercise reasonable care to protect Plaintiff from the dangers discussed above was a direct and proximate cause of Plaintiff's injuries.

31. Defendant's breach of the aforementioned duties caused Plaintiff to sustain past and future damages as indicated above.

## **SECOND CLAIM FOR RELIEF**
## **Negligence**
## **COSTCO WHOLESALE CORPORATION**

32. Plaintiff incorporates herein by this reference the allegations set forth with specificity in the preceding paragraphs of this Civil Complaint and Jury Demand, as if set forth *verbatim*.

33. Defendant had a duty of care to manage and maintain its Premises in a manner that provides a safe environment.

34. Defendant breached its duty of care to manage and maintain its Premises in a manner that provides a safe environment, including but not limited to:

(a) Failure to provide warnings of the existence of the ice by employees, agents, or signage;

(b) Failing to remedy the ice with sand or ice melt;

(c) Failing to properly inspect the sidewalk for dangers such as the ice;

(d) Failing to have policies in place to ensure that ice is properly mitigated at the Premises; and

(e) Failing to train employees/agents properly to search for and remediate ice on the Premises.

35. As a direct and proximate result of Defendant's breaches described above, Plaintiff has, and will continue to suffer injuries and damages as described above.

36. As a direct and proximate result of the Defendant's failure to exercise reasonable care to manage and maintain the property in a manner that ensures the safety of patrons such as Plaintiff, Plaintiff suffered physical injuries.

**JURY REQUEST**

Trial to a jury of six (6) is requested on all issues so triable.

**WHEREFORE**, the Plaintiff, JENNIFER ANSON, prays for judgment against Defendant COSTCO WHOLESALE CORPORATION in an amount to be determined by the trier of fact for Plaintiff's losses as set forth above and for costs, expert witness fees, filing fees, pre- and post-judgment interest, and such other further relief and the Court may deem appropriate, just, and proper.

Respectfully submitted this 29th day of October, 2024.

ZANER HARDEN LAW, LLP

*/s/ Joseph Woelkers*
Joseph Woelkers
*Attorney for Plaintiff*

Plaintiff's Address:
10020 Trainstation Cir. 274
Lone Tree, CO 80124